UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGG T. CARDIN, individually, and on behalf of all others similarly situated, | Case No. 1:21-cv-03350 |
| Plaintiff, | Honorable Franklin U. Valderrama |
| v. | |
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING, | |
| Defendant. | |

## INITIAL STATUS REPORT

**I.  Nature of the Case**

    **A. Attorneys of Record**:

| For Plaintiff: | For Defendant: |
|---|---|
| Mohammed O. Badwan (Lead) | Rebekah A. Carpenter (Lead) |
| SULAIMAN LAW GROUP, LTD. | AKERMAN LLP |
| 2500 South Highland Avenue | 71 S. Wacker Dr. |
| Suite 200 | 46th Floor |
| Lombard, Illinois 60148 | Chicago, IL 60606 |
| (630) 575-8180 | (312) 870-8012 |
| mbadwan@sulaimanlaw.com | rebekah.carpenter@akerman.com |

    **B. Basis for federal jurisdiction:** Court has federal question jurisdiction pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

    **C. Overview of the Case**: Plaintiff's claims arise from Shellpoint's alleged unlawful assessment of charges to Plaintiff's mortgage loan. Specifically, Plaintiff alleges that Shellpoint unilaterally purchased and charged Plaintiff for a property insurance policy despite having actual knowledge that Plaintiff maintained his own property insurance policy. As a result of Shellpoint's conduct, Plaintiff's mortgage loan fell into default

status and Plaintiff was forced to pay for the erroneous charges assessed by Shellpoint. Upon information and belief, Shellpoint's conduct in unilaterally purchasing a property insurance policy while the borrower had an active policy is not isolated to this case, but rather a widespread practice that has injured hundreds, if not thousands, of consumers in Illinois.

Shellpoint denies it unilaterally purchases property insurance policies when borrowers have a qualifying and applicable active policy, and denies liability in this case. Shellpoint is still investigating the case specific circumstances here, including any lender placed insurance and the reasons for such placement, if it occurred.

D. **Claims and Counterclaims**: Plaintiff contends that the alleged conduct set forth in Section C is a breach of the underlying mortgage contract, unjustly enriches Defendant, and violates the FDCPA, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA").

E. **Principal Factual Issues**: Whether (**i**) defendant purchased a property insurance policy for plaintiff; (**ii**) if so, whether defendant had a right to do so based on the language of the mortgage and the underlying factual background; (**iii**) whether and how much of any lender placed insurance amounts were charged to plaintiff's mortgage loan; and (**iv**) when and whether defendant had actual knowledge plaintiff maintained his own policy and the time periods of any such policy.

F. **Principal legal issues**: Whether defendant's alleged conduct (1) is a breach of the mortgage contract; (2) unjustly enriches defendant; (3) violates the FDCPA; and (4) violates ICFA.

G. **Relief Sought by Plaintiff**: Plaintiff is seeking (1) compensatory damages in the amount no less than $30,000 (includes approximately $5,000 in monetary loss); (2) an order certifying the proposed class; (3) punitive damages no less than $60,000 pursuant to ICFA; (4) statutory damages pursuant to the FDCPA; and (5) his attorney's fees and costs.

H. **Status of Service**: Defendant waived service and defendant's answer was due on or before August 30, 2021. Plaintiff has agreed to Defendant's request to extend defendant's answer deadline through October 7, 2021.

II. **Discovery**

   A.

| Event | Deadline |
|---|---|
| Rule 26(a)(1) Disclosures | October 15, 2021 |
| Amendment to the pleadings | December 30, 2021 |
| Service of process on any "John Does" | December 30, 2021 |
| Completion of Fact Discovery | July 29, 2022 |
| Disclosure of Expert Report(s) | One month after the close of fact discovery (August 29, 2022) |
| Deposition of Plaintiff's Expert | N/A |
| Deposition of Defendant's Expert | N/A (none known at this time) |
| Dispositive Motions | One month after the close of expert discovery (September 28, 2022) |

   B. **Anticipated Depositions**: Plaintiff intends on taking no more than 3 depositions, depending on how many involved third parties are disclosed by Defendant. Defendant intends to take plaintiff's deposition.

   C. **Anticipated Discovery Issues:** None at this time.

   D. **Discovery Plan**: The parties have discussed a discovery plan, the topics of discovery, and the scope of discovery and do not anticipate any issues.

III. **Trial**

    A. **Trial**: Plaintiff has demanded a jury trial

    B. **Estimated length of trial**: 3 days for Plaintiff's individual claims and 3 days for the class claims should the court certify the proposed class.

IV. **Settlement, Referrals, and Consent**

    A. **Status of Settlement Discussions:** Plaintiff has made a written settlement demand to Defendant. Defendant has yet to respond to Plaintiff's settlement demand.

    B. **Settlement Conference**: The parties believe it is too early for a settlement conference and will likely request one after the completion of written discovery.

    C. **Magistrate Judge Consent**: The parties do not consent to proceed in front of a Magistrate Judge.

V. **Other Issues: None**

Dated: September 7, 2021

Respectfully submitted,

**GREGG T. CARDIN**

**NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING**

By: */s/ Mohammed O. Badwan*

By: */s/ Rebekah A. Carpenter*

Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com

Rebekah A. Carpenter (Lead)
AKERMAN LLP
71 S. Wacker Dr.
46th Floor
Chicago, IL 60606
(312) 870-8012
Rebekah.carpenter@akerman.com

4